This is a motion for a new trial on the ground that improper testimony was admitted by the court in two instances, viz., the circumstances related by the witness Shelton, and the record of a prosecution against David Greenlee, a brother of the defendant.
To entitle the plaintiff to a recovery in this action, it was necessary for him to prove that a warrant had been taken out against him as described in the declaration; that it originated in the malice of the defendant, and that the proceedings were determined; but the essential *Page 106 
ground of the action is that a legal prosecution was carried on without a probable cause which must be expressly proved and cannot be implied.Legget v. Blount, 4 N.C. 561. The existence of a probable cause was relied on by the defendant, and to prove that it was real he confided in the information of Martin relative to the piece of iron, and his belief that it was a part of the band of Murphey's wheel. Now any circumstances tending to show that the defendant had reason to doubt (188) the correctness of Martin's relation, and that he was present when the fact of its being part of Murphey's wheel was actually disproved by Shelton on oath are relevant towards showing the want of probable cause.Bundy v. Bethune, 1 Marsh, 220, 5 Taunton, 580. It is of no consequence what was the nature of the proceedings on which such evidence was given, the only inquiry being whether the defendant was present when Watt and Shelton gave their explanations concerning the iron; for, if he was, it is a circumstance from which the jury will draw the inference whether or not there was probable cause. If there were none, malice would be implied, and it is pertinent, as giving strength to this inference, to show that the plaintiff was, at the time the warrant was taken out against him, the only witness in a prosecution for felony against the defendant's brother. No improper testimony, therefore, has been received, and the motion for a new trial must be overruled.